IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AGNES MARIE PHIFER, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| ANGELA GRANT, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:13-CV-1686-WSD-JFK |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Petitioner, Agnes Marie Phifer, challenges via 28 U.S.C. § 2254 the State's failure to give her proper credit for time served on her February 2012 Douglas County convictions. (Doc. 1). The Court granted Petitioner *in forma pauperis* status, and the matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

**I.   Discussion**

Petitioner states that she was convicted on February 15, 2012, in the Douglas County Superior Court for forgery and financial identity fraud and that she received

a ten-year sentence, with five years to be served in prison. (Doc. 1 at 1). Petitioner states that she has been in prison since June 2011 (following her arrest in connection with the hold lodged against her by Douglas County) but that she did not begin receiving credit toward her prison term until February 2012. (Id. at 2). Petitioner has sought relief in the trial court and from the Georgia Department of Corrections, both of which have denied relief. (Id. at 2-3). Petitioner asserts that she is entitled to credit for time spent in confinement beginning in June 2011 and now seeks relief from this Court. (Id. at 5-6).

A federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). A federal district court also has authority to deny a federal habeas corpus petition on the merits, notwithstanding a failure to exhaust state remedies as is generally required in order to seek federal relief. 28 U.S.C. § 2254(b)(2).

Determinations by state prison authorities and courts in computing the time to be served under a state sentence "present no federal question, constitutional or otherwise, and are not subject to review by federal habeas corpus proceedings." Grossnickle v. State of Ala., 415 F.2d 864, 865 (5th Cir. 1969); see also Kipen v.

2

Renico, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of Kipen's prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."); cf. Wallace v. Turner, 695 F.2d 545, 549 (11th Cir. 1982) ("[I]f a sentence is imposed in direct violation of a state procedural rule and affects a defendant's parole eligibility date, such questions are matters of state law only, and federal courts lack jurisdiction to consider them.").[1]

Because the calculation of Petitioner's prison term does not present a federal issue, she fails to state a claim under § 2254, and her petition should be denied.

## II.  Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has

---

[1] Petitioner does not contend that she has been incarcerated beyond the termination of her sentence, and the Court does not address whether that would raise a constitutional issue. Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001) ("[T]he courts that have recognized [concerns with incarceration beyond the termination of a sentence] have been careful to note that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated.").

3

made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not debatable that Petitioner's allegations concerning her sentence do not present a claim under federal law. If the Court adopts this recommendation and denies a COA, Petitioner is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

**IT IS RECOMMENDED** that, pursuant to Rule 4, the instant petition, (Doc. 1), be **DENIED** , that a certificate of appealability be **DENIED**, and that this action be **DISMISSED**.

4

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 6th day of June, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE