IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AGNES MARIE PHIFER,

              Petitioner,

v.                                   1:13-cv-1686-WSD

ANGELA GRANT,

              Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [4], which recommends dismissal of Agnes Marie Phifer's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") [1].

### I.    BACKGROUND

On February 15, 2012, Petitioner Agnes Marie Phifer ("Petitioner") was convicted in the Douglas County Superior Court for forgery and financial identity fraud and received a ten-year sentence, with five years to be served in prison. Petitioner states that she has been in prison since her June 2011 arrest in connection with these charges, but that she did not begin receiving credit toward her prison term until February 2012. (R&R at 1-2; Pet. at 1-2).

On May 17, 2013, Petitioner, who is incarcerated at the Emanuel Women's Facility in Swainsboro, Georgia, filed her *pro se* Petition under 28 U.S.C. § 2241 seeking to receive credit toward her term of imprisonment for the time she spent in confinement before her conviction.  (R&R at 2; Pet. at 2).

On June 6, 2013, Magistrate Judge King reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued her R&R.[1]  Magistrate Judge King recommended that the Petition be dismissed, and a certificate of appealability be denied, because determinations by state courts and state prison authorities in calculating a prison term under a state sentence does not present a federal issue subject to review under 28 U.S.C. § 2254.  (R&R at 2-4).

Petitioner did not object to the R&R.

## II.   DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

---

[1]  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to "promptly examine" habeas corpus petitions and to order summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Accordingly, federal district courts must prescreen and dismiss a frivolous habeas petition prior to any answer or other pleading by the respondents when the petition "appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994).

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  Petitioner has not objected to the R&R and the Court thus conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Court has carefully reviewed the R&R and finds no plain error in the findings and recommendations of the Magistrate Judge.  The Court agrees with the Magistrate Judge's conclusion that this action is required to be dismissed because it plainly appears that Petitioner is not entitled to relief under Section 2254.  Petitioner seeks only credit toward her state sentence for time she spent in confinement before her conviction.  This claim involves a question of state law and is not subject to review in federal habeas corpus proceedings.  See, e.g. Grossnickle v. State of Ala., 415 F.2d 864, 865 (5th Cir. 1969) (Propriety of method used and result reached by state prison authorities and state courts in computing time to be served by petitioner under state sentence presents no federal question subject to review by federal habeas corpus proceedings);[2] Kipen v. Renico, 65 F. App'x 958, 959 (computation of petitioner's state-imposed prison term involves an issue of state law that is not cognizable under 28 U.S.C. § 2254). The Court further agrees with the Magistrate Judge that a certificate of

---

[2]   In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit issued before the close of business on September 30, 1981.

appealability should be denied because it is not debatable that Petitioner's allegations concerning her sentence do not present a claim under federal law.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Agnes Marie Phifer's Petition for a Writ of Habeas Corpus [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 8th day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE